UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____
IN RE PRADAXA                  )  MDL No. 2385
(DABIGATRAN ETEXILATE)         )  3:12-md-02385-DRH-SCW
PRODUCTS LIABILITY             )  Judge David R. Herndon
LITIGATION                     )
_____

**This Document Relates to:**

*Vickie Horne, Individually and as Personal Representative of the Estate of Jennetta Horne v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50255

*Nelson Nealy v. Boehringer Ingelheim Pharmaceuticals International, Inc. (sic)*
Civil Action No.: 3:13-cv-50984

*Madeline Barlow v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51210

*Joseph Brockett, Jr., on behalf of the Estate of Joseph Brockett, Sr., deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* Civil Action No.: 3:13-cv-51291

*Michael Rau and Kristina Rau v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* Civil Action No.: 3:13-cv-50964

*Arminda Dos Santos, Individually, and as Personal Representative of Manuel Dos Santos, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50544

*Tonya F. Anderson v. Boehringer Ingelheim*

*Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50335


*Frederick Randolph Burns v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51819

*Daniel R. Camacho v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50080

*Jim G. Crawford v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50374

*Richard Bryant Hickson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51815

*Charles Long v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No: 3:14-cv-50314

*Paul Michael Murphy v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-50281

*Frances E. Oberste, Individually and as Representative of the Estate of Joseph J. Oberste, deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50320

*Daniel J. O'Brien v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv- 50278

*Joseph Frank Parente v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51812

*Gloria E. Paul v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*

Civil Action No.: 3:14-cv-50330

*Timothy J. Peterson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50334

*Penny M. Potter v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv- 50276

*Robert Rogers v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv- 50328

*Ruth B. Sanders v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50319

*Mr. Roy Sellers, Individually and as Rep. of the Estate of Barbara A. Sellers, Deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* Civil Action No.: 3:14-cv-50084

*Othel Tilley v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50329

*Milford E. Towne, Individually and as Rep. of the Estate of Gladys Loraine Towne, Deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50311

*Betty I. Williams, Individually and as Rep. of the Estate of Victor L. Williams, Deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.* Civil Action No.: 3:14-cv-50336

*Mark A. Young v. v.Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51817

*Rosiephine Young v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*

Civil Action No.: 3:14-cv-50312

*Loretha M. Dixon v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50546

*Sharron Mack, Individually and as Special Administrator for the Estate of Kenneth Husband v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-50133

*Ignacio Ramos v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-50510

*Doreen O'Rourke v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51466

*Lubena Wax v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51591

*Sharon Kerr, as Personal Rep. of the Estate of Joyce A. Long, Deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50526

*Zachary Gordon v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51751

*Sherry Browne, Individually, and as Administrator of the Estate of Edna Wolfe, Deceased v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-51379

*Margaret Colbert v. Boehringer Ingelheim Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-50748

*Rebecca Cope v. Boehringer Ingelheim*

*Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:13-cv-50750

*Robert Seip v. Boehringer Ingelheim
Pharmaceuticals, Inc., et al.*
Civil Action No.: 3:14-cv-50514

## ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on the defendants', Boehringer Ingelheim Pharmaceuticals Inc. and Boehringer Ingelheim International GMBH, motion to dismiss with prejudice the claims of the above captioned plaintiffs, filed in accord with the Pradaxa product Liability Litigation Master Settlement Agreement ("MSA" or "Master Settlement Agreement"). Each plaintiff had until December 10, 2014 to file a response establishing good cause for non-compliance or be subject to with prejudice dismissal. None of the above captioned plaintiffs have responded.

For the reasons described herein, the motion to dismiss with prejudice, as to the above captioned plaintiffs, is **GRANTED.** Accordingly, the above captioned actions are **DISMISSED WITH PREJUDICE.**

## II. BACKGROUND

### A. Master Settlement Agreement

On May 28, 2014, after an extensive mediation process supervised by the Court and the Special Master, the defendants and the Pradaxa Claimants' Negotiating Counsel executed the MSA.[1] The negotiations that led to the MSA were vigorous, at arm's length, and in good faith. The MSA sets forth the timing and procedure for Pradaxa Claimants to opt in to the voluntary settlement program. Specifically, each Pradaxa Claimant wishing to opt in to the settlement was required to submit an Opt-In Form, which was attached to the MSA as Exhibit 5. The Opt-In Form specifically provided that the election to opt in to the settlement is irrevocable and that the Claimant is waiving all rights to pursue his or her claims in court.

The MSA also required that within thirty days of opting in to the settlement each Participating Claimant shall post to the Claims Administrator's secure portal a "Claim Package Submission," which contains the following:

1. A Phase One Payment Application and, if applicable, a Phase Two Supplemental Payment Application
2. An executed Medical Records Authorization Form
3. An executed Release
4. An executed Stipulation of Dismissal
5. If applicable, a Death Certificate
6. Pharmacy and Medical Records evidencing Pradaxa use, a bleeding event or other injury, length of hospitalization, and any documentation in support of a Phase Two Supplemental Payment Application.[2]

---

[1] The Court and the parties have been provided with a copy of the MSA.
[2] MSA ¶ 7.1.

Upon a timely request, a Participating Claimant was entitled to a one-time twenty-one-day extension of right to submit his or her Claims Package. After the extension of right, a Participating Claimant was permitted to request from the Special Master an additional 14-day extension, which would be granted upon a showing of good cause. MSA, ¶¶ 7.3 and 7.4.

The MSA provided for strict compliance with its terms and unequivocally stated that non-compliance would result in (1) the Claimant being unable to participate in the settlement and (2) dismissal with prejudice of any pending lawsuit.[3] Specifically, the MSA allowed defendants to seek with prejudice dismissal of any pending lawsuit for Participating Claimants who failed to timely submit a Claim Package, seek an extension to submit a Claim Package, or meet an extension deadline. Moreover, the terms of the MSA explicitly provided that it was the expectation of the parties that such motions to dismiss would be granted, absent a showing of good cause that justifies non-compliance.[4]

### III. ANALYSIS

When plaintiffs elect to opt in to the MSA the Court must infer they did so on the presumption that the terms and conditions of the MSA will be strictly enforced by the Court in order for each participant to receive his or her full share. Conversely, each participant has a right to a share based on his or her compliance with the terms of the MSA.

---

[3] MSA ¶¶ 7.6 and 7.9(a).
[4] MSA ¶ 7.6.

Consequently, should the Court expand the number of awards under the settlement agreement by allowing persons to recover who failed to follow the terms and conditions of the agreement, the Court would be diminishing proportionately the award to be granted to other participants who did follow the agreement to the letter. In essence, the Court would be changing the terms of the agreement without the advice and consent of the participants. This would result in a fundamental unfairness. Therefore, the task the Court is charged with is to enforce the agreement, as written.

Each of the above captioned plaintiffs have (1) a pending lawsuit in this MDL, (2) opted in to the settlement, and (3) failed to timely submit a Claim Package. Further, none of the above captioned plaintiffs has responded to the defendants' motion to dismiss with prejudice, filed in accord with the master settlement agreement. As the above captioned plaintiffs have failed to respond to the defendants' motion to dismiss, the Court finds that good cause for non-compliance does not exist. Accordingly, in accord with the terms of the MSA, the claims of the above captioned plaintiffs must be dismissed with prejudice for failure to comply with the same.

## IV. CONCLUSION

The Court finds that the plaintiffs in the above captioned cases failed to establish good cause for non-compliance with the MSA. Accordingly, the Court **DISMISSES** the above captioned cases **WITH PREJUDICE**.

The Court **DIRECTS** the **CLERK OF THE COURT** to **ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 12th day of December, 2014.

Digitally signed by David R. Herndon
Date: 2014.12.12 14:25:13 -06'00'

**District Judge**
**United States District Court**